UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| JAMES PATTERSON, and | ) | |
| LISA M. COFFEY, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 1:05-cv-881-LJM-WTL |
| | ) | |
| THE INDIANAPOLIS STAR, an Indiana | ) | |
| corporation, owned by | ) | |
| GANNETT CO., INC., a foreign | ) | |
| corporation, | ) | |
| Defendants. | ) | |

### ORDER ON PLAINTIFFS' MOTION TO STRIKE

This cause is before the Court on Plaintiffs', James Patterson and Lisa M. Coffey, Motion

to Strike portions of Defendants,' The Indianapolis Star and Gannett Co., Inc., Answer to Plaintiffs'

Complaint.  The parties have fully briefed their arguments, and the motion is now ripe for ruling.[1]

For the reasons stated herein, the Court **DENIES** Plaintiffs' Motion to Strike.

### DISCUSSION

Federal Rule of Civil Procedure 12(f) provides that "[u]pon motion made by a party . . . the

court may order stricken from any pleading any insufficient defense or any redundant, immaterial,

impertinent, or scandalous matter."  Generally, motions to strike are disfavored.  *Heller Fin., Inc.*

---

[1]  The Court **DENIES** Defendants' separate Motion to Strike Plaintiffs' Untimely Reply.  *See*
Dkt. No. 22.  Under Federal Rule of Civil Procedure 6 and Local Rule 7.1, a reply in support of
Plaintiffs' Motion to Strike was to be filed no later than September 7, 2005.  Plaintiffs filed their
reply on September 13, 2005.  While the Court certainly could exercise its discretion and strike
this untimely filing, it will not do so in this instance.  Defendants have not been prejudiced in any
way and the delay in this situation has caused no difficulty for the Court.  That being said, the
Court's leniency should not be misinterpreted as an invitation to disregard future deadlines.

*v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). However, such motions are not disfavored where they remove "unnecessary clutter" from the litigation. *Id*. at 1294. The decision whether to strike material is within the discretion of the court. *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir.1992).

Plaintiffs move to strike page 1, line 4 through page 3, line 7 of Defendants' answer, alleging that it does not comply with Federal Rule of Civil Procedure 8 ("Rule 8(b)"). Rule 8(b) provides, in pertinent part:

> A party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. If a party is without knowledge or information sufficient to form a belief as to the truth of an averment, the party shall so state and this has the effect of a denial. Denials shall fairly meet the substance of the averments denied.

To warrant striking portions of an answer, a plaintiff must show "the allegations being challenged are so unrelated to the plaintiff's claims as to be unworthy of consideration . . . and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1380 (2d ed. 1990). A motion to strike an answer will be denied if no prejudice can result from the challenged allegations. *Maksym v. Loesch*, 1989 U .S. Dist. LEXIS 7700, at *3 (N.D. Ill. Jun. 26, 1989).

Defendants make numerous allegations in their answer that are related to the controversy but are beyond simply admitting or denying the averments of the amended complaint. Plaintiffs assert that they have been prejudiced because a six column wide newspaper article reporting to *Indianapolis Star* readers that their suit is "groundless" may have some effect on future jurors. *See* Pl.'s Rep. Br. at 2. But even if the Court were to find that Plaintiffs would be prejudiced, they have

2

not carried their burden of showing that the allegations are not related to the controversy. Defendants meticulously set forth in their Brief in Response that each sentence is related to one or more of the 94 paragraphs in the Complaint.  Def.'s Br. Resp. at 4-6.

Considering the disfavor with which motions to strike are met in this jurisdiction, the Court exercises its discretion by allowing Defendants' Answer to stand.[2]  Having failed to carry their burden for a motion to strike, the Court **DENIES** Plaintiffs', James Patterson and Lisa M. Coffey, Motion to Strike and **DENIES** Defendants', The Indianapolis Star and Gannet Co., Inc., Motion to Strike Plaintiffs' Untimely Reply.

IT IS SO ORDERED this 27th day of September, 2005.

LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed to:

John R. Price
JOHN R PRICE & ASSOCIATES
john@johnpricelaw.com

Stephanie A.H. Blackman
BARNES & THORNBURG
stephanie.blackman@btlaw.com

Kenneth J. Yerkes
BARNES & THORNBURG LLP
ken.yerkes@btlaw.com

---

[2]  Plaintiffs raise a general objection to the tone and content of Defendants' filings.  Defendants voice similar complaints.  The Court notes that incivility on either side of the aisle does not contribute to the effective resolution of this dispute, and would implore counsel to avoid inflammatory and unnecessary language in their filings.

3